IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **JUAN MEZA SEGUNDO,** | § | |
| | § | |
| | § | |
| v. | § | CIVIL NO. 4:10-CV-970-Y |
| | § | |
| | § | *CAPITAL CASE* |
| | § | |
| **RICK THALER**, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**PETITIONER'S MOTION FOR ORDER DIRECTING RELEASE
OF CLIENT'S LEGAL FILE**

TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS – FORT WORTH DIVISION:

Undersigned counsel, on behalf of Petitioner Juan M. Segundo, respectfully request that this Court protect Mr. Segundo's federal statutory right to counsel and issue an order directing trial counsel, members of the trial defense team, and state habeas counsel to provide federally-appointed counsel any and all portions of Mr. Segundo's trial and state habeas files, which would otherwise be available through a signed release of records. The records sought by counsel include all portions of Mr. Segundo's client files. Specifically, undersigned counsel seek the complete and entire trial and pots-conviction files in the actual and constructive possession of trial counsel, Mark Daniel and Wes Ball, and state post-conviction counsel, Jack Strickland, as well as the files created by any investigators, mitigation investigators, medical-psychiatric-psychological

and any other forensic expert(s) who may have assisted trial and post-conviction counsel in this case. Counsel have made a separate request and provided a signed release by Mr. Segundo to each individual identified above, but have been unable to obtain the material to date.

### A.    Procedural Background

Undersigned counsel were appointed by this Court to represent Mr. Segundo in federal habeas corpus proceedings on March 15, 2011. On March 23, 2011, counsel requested the complete trial files from trial and post-conviction counsel by written letter and including a release form signed by Mr. Segundo authorizing the release of attorney files to federal writ counsel. Counsel provided his federal express shipping number to facilitate trial and post-conviction counsels' shipping the client files without costs and with minimal effort. To date, neither trial counsel, Daniels or Ball have responded to counsel's request, either by providing the files, or by contacting counsel to advise why they have not complied with the request. The undersigned counsel made several attempts to contact state post-conviction counsel, Strickland, by phone to inquire on the status of his request. Strickland returned counsel's phone call, leaving a message, the tenor of which was as follows: it is not the practice of Tarrant County defense bar to release their client files outright, but that Strickland, who had been in contact with Daniels, was willing (as was Daniels) to permit federal post-conviction counsel to travel to Fort Worth to temporarily obtain the client files, copy them, and then return the files to trial and post-conviction counsel. Thus, trial and state post-conviction writ counsel seek to retain the files in this case and merely permit federal counsel to travel to Fort Worth

and copy the files. Federal post-conviction counsel have not subsequently contacted state post-conviction counsel or trial counsel to accept their offer to temporarily release the files.

### B. Mr. Segundo's Federal Post-Conviction Counsel Have Been Unable to Obtain the Complete Trial and State Habeas File Despite Repeated Requests and Provision of a Release.

State post-conviction counsel (and presumably trial counsels') response to the request for Mr. Segundo's trial file, accompanied by a release signed by Mr. Segundo is unacceptable, both from the stand point of logistics and needless expense, and as a matter of law.

Mr. Segundo's client files are located in Fort Worth; the undersigned counsel's office is several hundred miles to the south, in Austin, Texas, while co-counsel's office is located several hundred miles to the west, in Denver City, Texas. It constitutes a significant imposition upon either counsel or co-counsel to make a trip to Fort Worth simply for the administrative purpose of obtaining and arranging for the copying of their client's records, particularly when the records in question can be shipped with relative ease via the federal express number provided by the undersigned counsel. The travel hours and expenses (mileage, lodging, food, copying expenses) could be better utilized in the review of the requested records and investigation of substantive issues of this case, not unnecessary administrative matters imposed by trial and state post-conviction counsel.

But more importantly, the requested files belong not to trial and state post-conviction counsel – the position that counsel have appeared to take, but to the *client*

himself and subject to transfer at this request to whom he requests. The Fifth Circuit has recognized this fact as a general matter in *Spivey v. Zant*, 683 F.2d 881 (5th Cir. 1982), a case which involved the federal court's quashal of a habeas petitioner's subpoena duces tecum for his trial counsel's file in order to address a claim of ineffective counsel. The Fifth Circuit plainly rejected trial counsel's assertion of a privilege over the file, and concluded the district court had erred in denying the petitioner access to file in order to investigate his case. *Id*., at 885 - 886.

State and federal precedent discussing the ethical obligations of counsel hold that in Texas, the contents of counsel's files belongs to the client, rather than the attorney who represented the client at an earlier stage of the proceedings. *In re George*, 28 S.W.3d 511, 516 (Tex. 2000) ("The attorney is the agent of the client, and the work product generated by the attorney in representing the client belongs to the client."); *Kennedy v. Gulf Coast*, 326 S.W.3d 352, 360 (Tex.App. – Hous. [1st Dist.] 2010) ("As the client's agent, the work product generated by the attorney in representing the client belongs to the client."); *Resolution Trust Corp. v. H., P.C..,* 128 F.R.D. 647, 648 - 750 (N.D.Tex. 1989); *See also*, TEX. DISCIPLINARY R. PROF. CONDUCT 1.15(d); State Bar of Texas Ethics Opinion 570, (avaiable at http://www.law.uh.edu/libraries /ethics/ opinions/501-600/EO570.pdf.), *and*, State Bar of Texas, Ethics Op. 395 (1980)(available at http://www.law.uh.edu/libraries/ethics/opinions/301-400/O395.html).

This Court has previously addressed the near identical issue, and involving the present state post-conviction counsel, Strickland, in *Busby v. Thaler*, No. 4:09-CV - 160 - Y. In *Busby*, this Court, acting in response to dilatory conduct by Strickland (as well

as other state counsel) in withholding portions was compelled to issue several orders to Strickland, and trial counsel, compelling them to turn over their complete files to federal post-conviction counsel. *Id* 4:09-CV-160-Y, Order (February 5, 2010); *and*, Order (May 18, 2009). Most notably, in its orders in *Busby*, this Court expressly recognized the critical importance of federal post-conviction counsel to access and review the files of state trial and post-conviction counsel, as well as implicitly recognized, consistent with state law, that the file and work product belongs to the client, and not the attorney. *Id*., *Order,* at 1 - 2.

### C. Undersigned Counsel Require Mr. Segundo's Complete and Entire Legal Files in Order to Investigate the Effectiveness of Trial Counsel's Performance.

Undersigned counsel are Mr. Segundo's court-appointed federal habeas counsel. In order to conduct a thorough investigation of Mr. Segundo's potential claims for relief, as required by federal statute and the ABA Guidelines, and to give effect to Mr. Segundo's federal statutory right to counsel, undersigned counsel require access to all information pertaining to the representation of Mr. Segundo at his capital trial, including all contents of Petitioner's client file. The review of this information is essential to counsel's current representation and investigation of all possible claims for relief. ABA Guidelines for the Appointment and Performance of Counsel in Death Penalty Cases 10.7(B), 31 HOFSTRA L. REV. 913, 1015 (2003) ("Counsel at every stage have an obligation to conduct a full examination of the defense provided to the client at all prior phases of the case. This obligation includes at minimum interviewing prior counsel and members of the defense team and examining the files of prior counsel."); Guideline 1.1

cmt. at 933 ("Counsel must also inspect the evidence and obtain the files of trial and appellate counsel, again scrutinizing them for what is missing as well as what is present."); Guideline 10.13 (noting that prior counsel have the duty to provide "the client's files, as well as information regarding all aspects of the representation, to successor counsel" and recognizing the duty of trial counsel to "fully and candidly discuss matters relating to the representation of the client with appellate counsel and to respond to the questions of appellate counsel, *even if to do so would be to disclose that trial counsel failed to provide effective assistance of counsel*.") (emphasis added); *see also* Guidelines and Standards for Texas Capital Counsel 11.1(B) ("Counsel at every stage have an obligation to conduct a full examination of the defense provided to the client at all prior phases of the case. This obligation includes at minimum interviewing prior counsel and members of the defense team and examining the files of prior counsel."); Guideline 11.8(A) (recognizing that "all persons who are or have been members of the defense team have a continuing duty to safeguard the interests of the client," which includes "providing the client's files, as well as information regarding all aspects of the representation, to successor counsel"); Guideline 12.1(F) ("Trial counsel should cooperate with successor direct appeal, habeas and clemency counsel in providing relevant information to successor counsel, including trial counsel's prior representation files upon the client's consent, in order to maintain continuity of representation, and to assist future counsel in presentation of issues relevant to subsequent litigation efforts."); Guideline 12.2(B)(3)(b) ("Counsel must also inspect the evidence and obtain the files of trial and appellate counsel, scrutinizing them for what is missing as well as what is

present."); Guideline 12.2(B)(9)(d) (noting that state habeas counsel's continuing duty to his or her client obliges counsel to provide successor counsel with the client's file).

Thorough investigation of the allegations made in Mr. Segundo's state habeas petition requires full review of Mr. Segundo's trial file, as well as his post-conviction file, files to which he is legally entitled and which would ordinarily be available to him with a signed release. Accordingly, counsel for Petitioner respectfully ask this Court to grant the request for the complete and entire contents of Mr. Segundo's trial and post-conviction files. Without the entirety of these files, it may be impossible for undersigned counsel to provide adequate representation. Granting Petitioner's request allows undersigned counsel to obtain those documents to which he would be entitled were the members of Mr. Segundo's prior defense team responsive to requests by Petitioner's appointed federal habeas counsel.

    Respectfully submitted,

    ALEXANDER L. CALHOUN
    Attorney at Law
    Texas Bar No. 00787187
    4301 W. William Cannon Dr. Ste. B-150
      # 260
    Austin, Texas 78749
    (512) 420-8850 (telephone)
    (512) 233-5946 (facsimile)
    (512) 731-731-3159 (cell)
    alcalhoun@earthlink.net

    By: /s/ *Alexander L. Calhoun*
        Alexander L. Calhoun
        Member of the Bar of this Court

    PAUL E. MANSUR

        Texas Defender Service
Staff Attorney
Texas Bar No. 00796078
P.O. Box 1300
Denver City, Texas 79323
(806) 592-2797 (telephone)
(806) 592-9136 (facsimile)
pmansur@midtech.net

By: /s/ *Paul E. Mansur*
     Paul E. Mansur
     Member of the Bar of this Court


Counsel to Juan M. Segundo, Petitioner


## CERTIFICATE OF SERVICE

I certify that on January 20 2010, a copy of the foregoing pleading was electronically served on counsel for the Respondent by filing the document with the Clerk of the Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.

Tom Jones
Office of the Texas Attorney General
Post Office Box 12548
Austin , TX 78711
Thomas.Jones@oag.state.tx.us


/s/ *Alexander L. Calhoun*
Alexander L. Calhoun


## CERTIFICATE OF CONFERENCE

I certify that I have conferred with opposing counsel, Tom Jones, and that Mr. Jones has advised that the Office of the Attorney General takes **no position** on this matter.

/s/ *Alexander L. Calhoun*
Alexander L. Calhoun