IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JUAN RAMON MEZA SEGUNDO, | § | |
| *Petitioner,* | § | |
| | § | |
| V. | § | |
| | § | No. 4:10-CV-970-Y |
| RICK THALER, Director, | § | |
| Texas Department of Criminal | § | (Death Penalty Case) |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| *Respondent.* | § | |

## ORDER DENYING MOTION FOR FUNDS

On April 30, 2012, Petitioner filed a post-petition motion for appointment and funding of a mitigation investigator (Motion, doc. 18). Respondent has filed a response in opposition (doc. 19). For the reasons set out below, the motion is denied.

I

Petitioner was convicted and sentenced to death in 2006 for the 1986 rape and murder of eleven-year-old Vanessa Villa. *Segundo v. State*, 270 S.W.3d 79, 83 (Tex. Crim. App. 2008), *cert. denied*, ___ U.S. ___, 130 S.Ct. 53 (2009).[1] His conviction and sentence were upheld by the Texas Court of Criminal Appeals ("TCCA") on direct appeal. *Id.* Petitioner filed a postconviction habeas-corpus petition in the trial court, which held an evidentiary hearing and entered findings of fact and conclusions of law that relief be denied. *See*

---

[1] At trial, Petitioner's attorneys presented evidence in the punishment stage of his deprived, abusive, and tragic childhood, along with evidence of brain dysfunction that did not reach the level of mental retardation. *Id.*, at 84-85. Petitioner's attorney also presented evidence showing that he had turned his life around since the offense. *Id.*, at 85.

*Ex parte Segundo*, No. WR-70963-01, 2010 WL 4978402 at *1 (Tex. Crim. App. 2010). The TCCA adopted these findings and denied postconviction habeas relief on December 8, 2010. *Id.*

In this court, Petitioner's motion for appointment of federal habeas counsel was granted on March 15, 2011 (doc. 3), and co-counsel was appointed on April 20 (doc. 6). Petitioner filed his petition for federal habeas relief in this court on December 8 (doc. 11). On March 20, 2012, the United States Supreme Court issued its opinion in *Martinez v. Ryan*, 566 U.S. ____, 132 S.Ct. 1309 (2012), creating a limited exception to procedural bar for ineffective-assistance-of-counsel claims that were not exhausted due to the ineffective assistance of state habeas counsel. Relying on this new opinion, Petitioner filed his "Motion for Appointment of Investigator-- Mitigation Specialist to Assist in Development of Unexhausted Facts in Capital Post-Conviction Proceedings" (doc. 18) on April 30.

II

Petitioner seeks funds to hire a licensed attorney as a mitigation investigator at the rate of $120 per hour for a total estimated cost of $12,000.00. (Mot. at 16-17.) A full mitigation investigation is sought, in part, to show that trial counsel was ineffective for relying upon two defense mitigation investigators that failed to provide an adequate social history to the defense mental-health experts to show the adaptive-deficits prong of his mental-retardation claim. Petitioner acknowledges that this claim

is unexhausted, subject to procedural default, and that Circuit precedent prior to *Martinez* would not allow funding of procedurally barred claims. (Mot. at 6-7 (citing *Riley v. Dretke*, 362 F.3d 302, 307-08 (5th Cir. 2004), and *Fuller v. Johnson*, 114 F.3d 491, 502 (5th Cir. 1997).) He argues that the exception to procedural bar created in *Martinez* allows the Court to consider this claim and authorize federal funding because state habeas counsel failed to develop the factual basis for his mental-retardation claim in state court. (Mot. at 7-10.) Respondent argues that the request for funding should be denied because the exception to procedural bar set forth in *Martinez v. Ryan* does not apply to Texas cases, and even if it did, that Petitioner has not made a showing that the underlying claim is substantial. (Resp. at 7-10.)

### III

A district court has broad discretion to grant funding up to $7,500 for expert and investigative services on behalf of a petitioner if the Court determines that the services are reasonably necessary for his representation. *See* 18 U.S.C. § 3599(f). Beyond that amount, the applicant must also show that the excess funding is "necessary to provide fair compensation for services of an unusual character or duration" and receive approval from the chief judge of the circuit. 18 U.S.C. § 3599(g)(2). The present application seeks leave of court to exceed funding at this presumptive limit.

A habeas petitioner is entitled to funding if he makes a showing of substantial need for expert or investigative services, and the district court abuses its discretion in denying funding when such a need is shown. *See Powers v. Epps*, 2009 WL 901896, at *2 (S.D. Miss. Mar. 31, 2009)(citing *Riley*, 362 F.3d at 307 construing prior version of section 3599).² A substantial need is not shown (a) when a petitioner fails to demonstrate that his funding request would support a viable constitutional claim that is not procedurally barred, (b) when the sought assistance would only support a meritless claim, or (c) when the sought assistance would only supplement prior evidence. *See Smith v. Dretke*, 422 F.3d 269, 288 (5th Cir. 2005).

Claims are procedurally barred if they are unexhausted and the state court would now find them barred. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). Texas law precludes successive habeas claims except in narrow circumstances. *See* Tex.Code Crim. Proc. Ann. art. 11.071 § 5 (Vernon Supp. 2005). Under § 5, unless a petitioner presents a factual or legal basis for a claim that was previously unavailable or shows by a preponderance of the evidence that, but for a violation of the United States Constitution, no rational juror would have found for the State, petitioner is procedurally barred from returning to the Texas courts to exhaust his claims. *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 264 (5th Cir. 2001). Therefore,

---

²Pursuant to the USA PATRIOT Improvement and Reauthorization Act of 2005, Pub.L. No. 109-177, 120 Stat. 192 (2006), the provisions of 21 U.S.C. § 849(q)(9) were replaced with identical provisions now set forth in 18 U.S.C. § 3599(f).

an application for funding to investigate an unexhausted claim should show that it would not be barred by this state law, or that there is a reasonable probability that further investigation will establish an exception to procedural bar.

> The Supreme Court in *Coleman* established two exceptions.
>
> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750. The "fundamental miscarriage of justice" exception allows the federal court to reach a claim when the constitutional violation has probably resulted in the conviction of one who is actually innocent. *Id.* at 748 (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

The Court in *Martinez* modified *Coleman* to create another exception to procedural bar.

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

132 S.Ct. at 1320. On June 28, 2012, the United States Court of Appeals for the Fifth Circuit determined that this exception to procedural bar does not apply to Texas cases because Texas does not prohibit ineffective-assistance-of-counsel claims from being brought

in the direct appeal.[3] *Ibarra v. Thaler*,___F.3d___, 2012 WL 262050 at *4.

Petitioner does not attempt to show the sort of "cause and prejudice" or "manifest injustice" authorized by *Coleman*, but relies entirely on the exception created in *Martinez*. Since this exception does not apply to his case, he has not identified any exception that justifies further investigation of this unexhausted and procedurally barred claim.

Petitioner has not made the minimum showing required for funding under 18 U.S.C. § 3599(f), much less the additional showing required for funding in excess of $7,500 under 18 U.S.C. § 3599(g)(2). Petitioner's opposed motion to appoint an investigator (Motion, doc. 18) is **DENIED**.

SIGNED July 16, 2012.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

TRM/rs

---

[3] In Texas, the postconviction habeas proceedings brought under article 11.071 of the Texas Code of Criminal Procedure are the collateral proceedings to review a capital conviction and death sentence. The phrase "initial-review collateral proceeding" as used in *Martinez*, however, "is a specifically defined term referring to states like Arizona in which a defendant is prevented from raising counsel's ineffectiveness until he pursues collateral relief (normally bereft of a right to counsel)." *Ibarra*, 2012 WL 262050 at *2.