```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF TEXAS
                   FORT WORTH DIVISION
```

JUAN RAMON MEZA SEGUNDO, §
    *Petitioner,* §
§
V. §
§   No. 4:10-CV-970-Y
WILLIAM STEPHENS, Director, §
Texas Department of Criminal §   (Death Penalty Case)
Justice, Correctional §
Institutions Division, §
    *Respondent.* §

**MEMORANDUM OPINION AND ORDER DENYING RECONSIDERATION**

On February 25, 2015, Petitioner filed a motion to reconsider this Court's denial of his post-petition motion for appointment and funding of a mitigation investigator in light of *Hall v. Florida*, 134 S. Ct. 1986 (2014) (doc. 45). Respondent has filed his response in opposition (doc. 46). Because the current motion repeats the defect in the prior motion to reconsider, it will be denied.

**I.**

After his petition for habeas relief was filed in this Court and after the limitations period under 28 U.S.C.A. § 2244(d) had expired, Petitioner filed a motion to fund a mitigation investigation to show that his trial and state habeas counsel were ineffective for failing to provide information to his experts needed to make a proper determination of his intellectual disability under *Atkins v. Virginia*, 536 U.S. 304 (2002). (Doc. 18, at 1.) After that motion was denied, Segundo moved for reconsideration on the basis that subsequent Supreme

Court authority reversed the Fifth Circuit precedent relied upon in denying the first motion for funding. (Doc. 38 at 3-5.)

This Court denied Segundo's motion to reconsider the denial of funding because he had not shown that the services were reasonably necessary for his representation under 18 U.S.C. § 3599(f), much less that the amount of funding requested in excess of the $7,500 limit was necessary to provide fair compensation for services of an unusual character or duration under § 3599(g)(2). (Order, ECF No. 44, at 2-9.)  In particular, Segundo had not shown that any of his prior experts had requested the information or that the information would have made a difference to the opinion of any such expert. (Order at 3-8.)  Segundo's second motion to reconsider suffers from the same defect.

## II.

As observed in this Court's order denying reconsideration of funding (doc. 44), a habeas petitioner is entitled to funding if he makes a showing of substantial need for expert or investigative services, and the district court abuses its discretion in denying funding when such a need is shown. (Order at 2-3 (citing *Powers v. Epps*, 2009 WL 901896, at *2 (S.D. Miss. Mar. 31, 2009) and *Riley*, 362 F.3d at 307.  A substantial need is **not** shown (a) when a petitioner fails to demonstrate that his funding request would support a viable constitutional claim that is not procedurally barred, (b)

when the assistance sought would only support a meritless claim, or (c) when the assistance sought would only supplement prior evidence. (Order at 3 (citing *Smith v. Dretke*, 422 F.3d 269, 288 (5th Cir. 2005).)

To make a viable claim of the deprivation of the effective assistance of counsel under *Strickland v. Washington,* 466 U.S. 668, 687-90 (1984), for failing to provide an expert with information, the petitioner must show that the expert requested the information and that the information would have made a difference to the expert's opinion. (Order at 3-4 (citing *Bloom v. Calderon,* 132 F.3d 1267 (9th Cir.1997), *Roberts v. Dretke,* 356 F.3d 632, 640 (5th Cir. 2004), *Hendricks v. Calderon,* 70 F.3d 1032, 1038 (9th Cir. 1995), *Fairbank v. Ayers,* 650 F.3d 1243, 1252 (9th Cir. 2011), and *Jennings v. Stephens,* 537 F. App'x 326, 334 (5th Cir. 2013); *Roberts v. Singletary,* 794 F. Supp. 1106, 1131-32 (S.D. Fla. 1992).) Merely presenting a "disagreement by other experts as to the conclusions does not demonstrate a violation of *Strickland*." (Order at 4 (quoting *Fairbank v. Ayers,* 650 F.3d 1243, 1252 (9th Cir. 2011).)

## III.

At trial and in the postconviction habeas-corpus proceedings, Segundo's attorneys obtained the assistance of mental-health experts to evaluate whether he was intellectually disabled and, thus, exempt from execution under *Atkins*. The State also obtained expert

3

assistance on the question.  All of the experts that evaluated Segundo at the state-court level determined that he was not intellectually disabled under *Atkins*.

In his prior motion for reconsideration, Segundo asserted the opinion of a new expert that criticized all the prior experts for failing to adequately investigate and evaluate Segundo's intellectual disability, particularly regarding adaptive deficits.[1]  (Doc. 38 at 7-11; Decl. of Stephen Greenspan, Ph.D.)  This Court concluded that a mere disagreement among experts was insufficient to show that his counsel was ineffective under the standards of *Strickland*.  Instead, Segundo must show that at least one of his prior experts requested the sought information from Segundo's prior counsel, and that the information would have altered the opinion of at least one of those prior experts in Segundo's favor.  Because Segundo's motion failed to show how this standard could be met, it would support nothing more than a meritless claim that was procedurally barred.

Segundo's current funding motion also does not show that any of his prior experts requested the information now asserted to be essential or that such additional information would have changed any opinions of his prior experts.  The nature of expert assistance would not be served by imposing on counsel a duty to independently know what the expert needs.

---

[1] As noted in this Court's prior order, Segundo's current expert directs his criticism to the conduct of the prior experts and not to that of Segundo's prior attorneys.  (Order at 6-7.)

4

> An integral part of an expert's specialized skill at analyzing information is an understanding of what information is relevant to reaching a conclusion. Experts are valuable to an attorney's investigation, then, not only because they have special abilities to process the information gathered by the attorney, but because they also are able to guide the attorney's efforts toward collecting relevant evidence. To require an attorney, without interdisciplinary guidance, to provide a psychiatric expert with all information necessary to reach a mental health diagnosis demands that an attorney already be possessed of the skill and knowledge of the expert.

*Hendricks*, 70 F.3d at 1038-39.

Segundo has provided no indication that his prior counsel did anything but reasonably rely upon expert opinions regarding what information was needed, nor has he shown that any additional information would have made any difference to the prior experts. As was noted by the United States Court of Appeals for the Eleventh Circuit,

> There is no indication that the experts felt incapable of basing their conclusions on the information they obtained through their own testing and examinations. Nor is there any reason that, after receiving the experts' reports, counsel was obligated to track down every record that might possibly relate to [the prisoner's] mental health and could affect a diagnosis. . . .
>
> Finally, it is unclear that, even had these materials been provided to experts, their evaluations of [the prisoner] would have differed.

*Card v. Dugger,* 911 F.2d 1494, 1512 (11th Cir. 1990); *see also Roberts,* 794 F. Supp. at 1131-32 (noting lack of evidence that the additional information would have changed the expert's opinions, or that the experts felt incapable of basing their conclusions on the information they had obtained).

5

Rather than addressing the basis for this Court's denial of his prior motion, Segundo asserts that the Supreme Court's opinion in *Hall v. Florida* now supports his request. (Motion at 2-3, 6-33.) That opinion, however, does not address the standards for proving ineffective assistance of counsel, and does not affect the way *Atkins* claims are resolved in Texas.

In *Hall* the Supreme Court found that a Florida statute violated the Eighth Amendment because it prohibited inquiry into the other two elements of intellectual disability under *Atkins* if the prisoner's IQ was above 70. As recognized by the United States Court of Appeals for the Fifth Circuit, Texas law contained no such prohibition. "*Hall* does not implicate Texas. Although the [Supreme] Court listed the states that could be affected by its ruling, the word 'Texas' nowhere appears in the opinion, and the reason is obvious: Texas has never adopted the bright-line cutoff at issue in *Hall*." *Mays v. Stephens,* 757 F.3d 211, 218 (5th Cir. 2014) *cert. denied,* 135 S. Ct. 951 (2015). Therefore, whatever change in the law resulted from *Hall,* it could not support a different ruling on Segundo's funding motion.

**IV.**

Because Segundo's current motion has the same defect noted by this Court in denying his prior motion to reconsider funding, the current motion is also denied. Further, because the Court is in the process of issuing its final opinion and judgment denying relief

6

concurrently with this order, Segundo's request for an interlocutory appeal is moot.

Segundo's "Motion for Funding for Investigation of Constitutional Claims in light of the Supreme Court's Recent Decision in *Hall v. Florida*" (doc. 45) is **DENIED**.  Segundo's request for an interlocutory appeal is **DENIED**.

SIGNED June 17, 2015.

　　　　　　　　　　　　　　　　　／s／ Terry R. Means
　　　　　　　　　　　　　　　　　TERRY R. MEANS
　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

TRM/rs