IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JUAN RAMON MEZA SEGUNDO,<br>    *Petitioner,* | § § § | |
| V. | § § | No. 4:10-CV-970-Y |
| WILLIAM STEPHENS, Director,<br>Texas Department of Criminal<br>Justice, Correctional<br>Institutions Division,<br>    *Respondent.* | § § § § § | (Death Penalty Case) |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the matter of the representation of petitioner Juan Ramon Meza Segundo. In light of the allegations and record before the Court concerning the representation of Segundo in these proceedings, the Court terminates the appointment of co-counsel in this case.

**I**

The Court issued its opinion and order denying habeas relief on June 17, 2015. At that time, Segundo's lead appointed counsel was Alexander Calhoun and co-counsel was Paul Mansur, an attorney employed with the Texas Defender Service ("TDS"). On June 23, 2015, Mansur filed a motion to withdraw and substitute Burke Butler, another TDS attorney but less qualified for death-penalty representation, as co-counsel for Segundo. (Mot. to Subst., doc. 51.) The Court granted the withdrawal, but denied the substitution because it was not clear whether Calhoun had consented to, or was even aware of, the proposed change in representation. (Order, doc. 52.)

Subsequently, Calhoun, moved to appoint Butler. (Doc. 53.) The motion contained language suggesting that Butler had obligations as an employee of TDS that could hinder her independent judgment. The Court granted the motion conditioned upon its satisfaction that the independence and ability of appointed counsel were not impaired by her employment with the TDS. The Court noted that it "has not appointed TDS, and wishes to ensure that qualified counsel exercise independent judgment and accept individual responsibility for Segundo's representation." (Order, doc. 54, at 2.) It directed Butler and Calhoun to file a document with the Court,

> (1) stating whether appointed lead counsel Alexander Calhoun shall have primary, unimpaired control of the representation of Segundo in this case and is not delegating that responsibility to co-counsel or any organization such as TDS, and (2) disclosing any agreements or terms of employment with any person or organization, including TDS, that may have any impact on appointed counsel's ability to represent Segundo in this case.

(Order at 3.) The order allowed counsel to file the document ex parte and under seal.

In his response, Calhoun stated that he could not vouch for the organizational autonomy of TDS attorneys, but affirmed his intent to maintain primary, unimpaired control of the representation. In her response, Butler did not specifically affirm Calhoun's primary, unimpaired control of the representation, but stated generally that she would comply with applicable rules and guidelines. Neither did

2

she disclose the specific terms of her agreement with TDS but asserted simply that they would not impair her autonomy.[1]

## II

Meanwhile, on July 19, after the time for filing a motion under Rule 59 had passed, Butler filed a motion to consider newly discovered evidence. In that motion, Butler revealed a problem with TDS record management that had prevented Mansur from knowing that he only had access to an incomplete electronically scanned version of the paper records that Calhoun had apparently obtained and reviewed before turning over to TDS. Butler asserted that Calhoun and Mansur had a potential conflict of interest in complaining about their own failure to present certain documents that had been excluded from the scanned records that Mansur reviewed. (Motion, doc. 56, at 2.) Butler's motion states:

> Because . . . [Calhoun and Mansur were] in possession of the newly discovered IQ scores in their file and did not timely present it to the Court, they face a conflict of interest in arguing that Mr. Segundo should be relieved from the judgment. In order to proceed further, therefore, counsel need to locate conflict-free counsel who can advise Mr. Segundo about the conflict. Mr. Segundo can then choose whether to waive the conflict, or elect to proceed with new, conflict-free counsel.

(Motion at 2 n.2.) The record before this Court does not indicate deficient conduct by previously appointed counsel but does reveal a problem with TDS record management.

---

[1] Because the documents were filed ex parte, only a paraphrasing of certain statements is included here.

3

**III**

There is no indication that Calhoun did not personally review the paper records that he obtained and brought to TDS. Further, the allegations and record before this Court do not show that Mansur had reason to expect that TDS had created multiple versions of the electronic record and that the one he was provided was incomplete. The record does suggest, however, that one TDS attorney had access to all versions of the electronic records that had been created in this case:  Butler.

Mansur's motion to substitute counsel states that "[s]ince joining TDS,[2] Ms. Butler has worked on this case—in particular in drafting the motion to reconsider this Court's denial of funding under § 3599(f) (DE 45)—and is familiar with the facts and legal issues involved." (Mot. to Subst. at 3.)  Those facts and legal issues would have included the matters underlying Butler's new-evidence motion.[3] And, since the same evidence would have been the subject of review in preparation for both the funding motion and the new-evidence motion,[3] and since Butler appears to have accessed both the complete and incomplete versions of the electronic records, the Court concludes

---

[2] The motion is unclear as to when Ms. Butler joined TDS and in what capacity.  The Texas Bar website indicates she was licensed on November 6, 2014.

[3] The motion to reconsider funding addressed the investigation that had been conducted by prior counsel on Segundo's claim under *Atkins v. Virginia,* 536 U.S. 304 (2002), and whether there was anything to indicate that further investigation was warranted.

that she had access to all versions while working on the funding motion prior to judgment.

Despite the fact that Butler knew or should have known that there were incomplete versions of the electronic records in the TDS database months before a judgment was entered in this case, she apparently did not disclose this to any of Segundo's appointed counsel until after a judgment was entered and she was conditionally appointed as co-counsel in this case.  Not only does she appear to be the person most likely to have noticed this problem with TDS records in time to address it, she may well have been the only attorney involved in this case who could reasonably have done so.

The only other attorney shown to have responsibility for knowledge of or access to TDS records in this case has withdrawn. Therefore, if a present conflict exists that may prevent any attorney from complaining about the problem with TDS records management, it would most likely exist with Butler.  Accordingly, Butler's conditional representation should be terminated and TDS should be both removed from any involvement in this case and required to turn over all of its records to lead counsel.

**IV**

The conditional appointment of **Burke M. Butler** as co-counsel is hereby **TERMINATED**, and she is **ORDERED** to turn over all records pertaining to Segundo's case in the possession of Butler, Mansur, TDS, and any other TDS employees, in whatever form such records may

5

exist, to lead counsel Alexander Calhoun within 10 days of the date of this order.

Lead counsel **Alexander Calhoun** may request the appointment of a different co-counsel who has no connection with the Texas Defender Service.

SIGNED December 7, 2015.

                                                TERRY R. MEANS
                                                UNITED STATES DISTRICT JUDGE

TRM/rs