IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JUAN RAMON MEZA SEGUNDO, | § | |
| *Petitioner,* | § | |
| | § | |
| V. | § | |
| | § | No. 4:10-CV-970-Y |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal | § | (Death Penalty Case) |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| *Respondent.* | § | |

**<u>MEMORANDUM OPINION AND ORDER ON POST-JUDGMENT MOTIONS</u>**

On July 13, 2015, petitioner Juan Ramon Meza Segundo filed his "Motion under Federal Rules of Civil Procedure 59(e) and 60(a) to Amend and Correct Memorandum Opinion and Order Denying Relief." (Mot. to Amend, doc. 55.)  The certificate of conference indicates that it is opposed.  Subsequently, Respondent filed his response in which he opposed the motion in part.  (Resp. to Mot. Am., doc. 59.)

On July 19, Segundo filed his post-judgment motion for leave to consider newly discovered evidence under Federal Rules of Civil Procedure 59 and 60(b)(1). (New Evid. Mot., doc. 56.) No certificate of conference was included in that motion, but Respondent filed his response in opposition.  (New Evid. Resp., doc. 60.)

On August 7, Segundo filed his supplemental post-judgment motion for leave to consider newly discovered evidence under Federal Rules of Civil Procedure 59 and 60(b)(1). (Supp. Mot., doc. 62.)  Again, no certificate of conference was appended to that motion, but

Respondent filed his response in opposition.  (Resp. to Supp. Mot., doc. 65.)

## I. AMENDING FINDINGS

In his motion to amend, Segundo argues that a factual statement in the Memorandum Opinion and Order Denying Relief (doc. 48, also "Memorandum Opinion") was incorrect (Mot. to Amend, doc. 55, at 3-4) and that additional findings should be made.  (Mot. to Amend at 3-5.) Respondent concedes that a factual statement was incorrect and should be corrected (Resp. to Mot. Am., doc. 59 at 3-4), but opposes the request for additional findings.  (Resp. to Mot. Am. at 4-5.)

### A. STANDARD

Rule 59(e) of the Federal Rules of Civil Procedure allows a court "to rectify its own mistakes in the period immediately following entry of judgment." *White v. New Hampshire Dept. of Employment Sec.,* 455 U.S. 445, 450 (1982).  It allows reconsideration of a final judgment where a party shows a need to (1) correct a clear error of law or prevent manifest injustice, (2) present newly discovered evidence, or (3) reflect an intervening change in controlling law. *See Schiller v. Physicians Res. Group, Inc.,* 342 F.3d 563, 567 (5th Cir. 2003); *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002). Although district courts have discretion as to whether to reopen a case under Rule 59(e), that discretion is not unlimited.  The Fifth Circuit has "identified two important judicial imperatives relating to such a motion: 1) the need to bring litigation to an end; and 2)

2

the need to render just decisions on the basis of all the facts. The task for the district court is to strike the proper balance between these competing interests." *Templet v. HydroChem Inc.,* 367 F.3d 473, 479 (5th Cir. 2004) (citations omitted).

Similarly, Rule 52(b) of the Federal Rules of Civil Procedure provides that a court "may amend its findings—or make additional findings—and may amend the judgment accordingly." Fed. R. Civ. P. 52(b). The purpose of a Rule 52(b) motion "is to correct manifest errors of law or fact or, in some limited situations, to present newly discovered evidence." *Fontenot v. Mesa Petroleum Co.,* 791 F.2d 1207, 1219 (5th Cir.1986); *Austin v. Stephens,* No. 4:04-CV-2387, 2013 WL 3456986, at *1 (S.D. Tex. July 8, 2013).

> This is not to say, however, that a motion to amend should be employed to introduce evidence that was available at trial but was not proffered, to relitigate old issues, to advance new theories, or to secure a rehearing on the merits. Except for motions to amend based on newly discovered evidence, the trial court is only required to amend its findings of fact based on evidence contained in the record. To do otherwise would defeat the compelling interest in the finality of litigation.

*Fontenot,* 791 F.2d at 1219-20 (citations omitted).

For motions filed outside of the time allowed for a Rule 59 or Rule 52 motion, Rule 60(a) of the Federal Rules of Civil Procedure provides that a court "may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."

**B. ANALYSIS**

3

Segundo cites Rules 59(e) and 60(a) in support of his motion to amend this Court's findings and include new findings, but Rule 52(b) would also address amending findings. In his motion to amend, Segundo identifies one mistake that would appear to warrant an amended finding: that Dr. Hopewell "administered" certain intelligence tests that he merely "reviewed". (Mot. Amend at 3-4.) The remainder of his motion merely seeks more favorable findings and does not warrant relief.

Segundo's Motion to Amend (doc. 55) is **GRANTED IN PART**. The language in the first sentence of the second paragraph on page 8 of the Memorandum Opinion that states, "Dr. Hopewell **administered** the Wechsler Adult Intelligence Scale, Version III ("WAIS III"), and the "RBANS" test ...," is **MODIFIED** to state, "Dr. Hopewell **reviewed** the Wechsler Adult Intelligence Scale, Version III ("WAIS III"), and the "RBANS" test ...." All other relief requested in Segundo's Motion to Amend (doc. 55) is **DENIED**.

## II. NEWLY DISCOVERED EVIDENCE

After the time set out in Rule 59 of the Federal Rules of Civil Procedure had expired, Segundo filed a motion under Rules 59 and 60(b)(1) for consideration of "newly discovered evidence" that had long been in the attorney's file but was allegedly overlooked. (New. Evid. Mot., doc. 56.) Respondent asserts that the portion of Segundo's motion regarding his intellectual-disability ("ID") claim constitutes a second or successive petition and the portion of

4

Segundo's motion regarding his ineffective-assistance-of-counsel ("IAC") claim is untimely and does not warrant relief. (Resp. to New Evid., doc. 60.)

Subsequently, Segundo filed a supplemental motion for consideration of newly discovered evidence under Rules 59 and 60(b)(1). (Supp. Mot., doc. 62.) In opposition, Respondent again asserts that the allegations regarding the ID claim would constitute a successive petition and the allegations regarding the IAC claim remain procedurally barred. (Resp. to Supp. Mot., doc. 65.) He also asserts that, despite Segundo's arguments, his three postjudgment motions are separate and distinct and should not be treated as amendments or supplements to his motion filed within the time set out in Rule 59.

## A. STANDARD

Whether Rule 59 or 60 of the Federal Rules of Civil Procedure governs a postjudgment motion depends on the time that the motion is filed. If filed within the time set out in Rule 59(b) or (e), it is controlled by Rule 59. If filed after that time, it is controlled by Rule 60. *See Texas A&M Research Found. v. Magna Transp., Inc.,* 338 F.3d 394, 400 (5th Cir. 2003); *Demahy v. Schwarz Pharma, Inc.,* 702 F.3d 177, 182 (5th Cir. 2012) ("Because it was filed within the relevant time period, we consider Demahy's Rule 60(b)(5) motion as a motion to amend the judgment under Federal Rule of Civil Procedure 59(e).").

5

Further, the district court has no discretion to grant an untimely motion under Rule 59.  "The time requirement of Rule 59(b) is jurisdictional; for the court lacks authority to rule upon a motion filed beyond the statutory period." *Martin v. Wainwright,* 469 F.2d 1072, 1073 (5th Cir. 1972 (citing *Albers v. Gant,* 435 F.2d 146 (5th Cir. 1970)).

In this Circuit, however, a district court has the discretion to consider an amendment to a timely filed motion for new trial that comes after the period set forth in Rule 59.  After noting the split among the circuits on this issue, the United States Court of Appeals for the Fifth Circuit observed:

> This Circuit has adopted a more liberal rule.  Here a trial court may in the exercise of its sound discretion allow a tardy amendment stating an additional ground for a new trial.  *Pruett v. Marshall,* 283 F.2d 436, 440 (5th Cir.1960).  The trial court is not, however, required to do so.  Factors relevant to the court's decision include the length of the delay and the reasons given.  *Id.*

*Dotson v. Clark Equip. Co.,* 805 F.2d 1225, 1228 (5th Cir. 1986).  Another factor in exercising such discretion appears to be whether the allegations presented in the proposed amendment would warrant a new trial.  *Pruett,* 283 F.2d at 440; *Pate v. Seaboard R.R.,* 819 F.2d 1074, 1086 (11th Cir. 1987) (holding that "the court was within its discretion in determining that the question raised in the amendment was very serious and not duplicitous of the original motion for a new trial.").

6

Finally, the postconviction motion cannot be used to present a second or successive petition under 28 U.S.C. § 2244(b), which provides that a claim presented in a second or successive habeas-corpus application under section 2254 must normally be dismissed. This Circuit has applied the rationale of *Gonzalez v. Crosby,* 545 U.S. 524, 531 (2005), setting forth the standard for determining when a motion filed under Rule 60(b) must be considered a second or successive petition, to motions filed under Rule 59(e) as well. *See Williams v. Thaler,* 602 F.3d 291, 303 (5th Cir. 2010). One example provided by the Supreme Court in *Gonzalez* that clearly showed the postjudgment motion to be a successive petition was when the motion straightforwardly asserted a new "claim" that had been omitted from the habeas petition owing to "excusable neglect" under Rule 60(b)(1). *Gonzalez,* 545 U.S. at 531. Another example was a motion that sought leave to present "newly discovered evidence" under Rule 60(b)(2) in support of a claim previously denied. *Id.* In these examples, the district court was without jurisdiction to entertain the motion without the authorization from the Court of Appeals required by 28 U.S.C. § 2244(b)(3).

**B. ANALYSIS**

Segundo's motions present complex and difficult procedural issues, but the manner in which they are resolved would make little difference. The asserted "newly discovered evidence" would not change the outcome of any claim before this Court.

7

Segundo refers to state prison records that note an IQ but do not provide any details regarding any IQ test that may have been conducted. The prison IQ scores were, however, explored in the state habeas proceedings. Segundo's testifying expert, Stephen A. Thorne, Ph.D., discussed his prison IQ scores and the affidavit provided by Arden Dominey, M.A., the psychologist responsible for the oversight of monitoring mental-health care of individuals entering the prison system, explaining Segundo's different IQ test scores and their significance. (Vol. 2, State Habeas Reporter's Record "SHRR" at pp. 23-26, citing State's Exhibit 6 in 6 SHRR.) Segundo also refers to academic records that suggest his poor academic performance, but has not shown that his prior experts were not aware of them. In fact, both his expert and the State's expert in the state habeas proceedings discussed his problems in school and the fact that he had never been declared eligible for special education but was declared ineligible for the Mentally Retarded Offender Program in the Texas prison system. (2 SHRR at 30-31, 50, 53, 64-65, 81, 84, 94; 6 SHRR at State's Ex. 6.) Thus, Segundo has not presented any credible IQ or academic evidence capable of undermining any opinions of the experts that testified in the state proceedings.

Further, while Segundo belatedly provides some evidence that one of his prior experts had requested social-history information, he does not show that any of the new information would have changed the opinion of such expert or his testimony before the state court.

8

Therefore, Segundo's motions to consider newly discovered evidence and supplemental motion are **DENIED** for the reasons set out below.

### 1. Jurisdictional Matter

Respondent asserts that the portion of the motion to consider newly discovered evidence and supplemental motion that argue for a reconsideration of the merits of the ID claim are second or successive under 2244(d) and outside of the jurisdiction of this Court unless and until leave is granted by the Court of Appeals. Respondent is correct.

Segundo's motion requests that this Court consider new evidence that his own counsel failed to discover earlier that he now argues would have changed this Court's original resolution of his ID claim. In this respect, it is indistinguishable from *In re Coleman,* 768 F.3d 367 (5th Cir.), cert. denied sub nom. *Coleman v. Stephens,* 135 S. Ct. 41 (2014).

> Coleman argues that there was a defect in the integrity of her original habeas petition, namely that "the additional evidence from the four witnesses recently discovered and relevant to the 'kidnapping' issue was unavailable to this Court when it decided the claim previously, and the attached affidavits and the evidence contained therein are now available." Her counsel's failure to discover and present this evidence, she argues, indicated that they were constitutionally ineffective. This claim, however, is fundamentally substantive—she argues that the presence of new facts would have changed this court's original result. Moreover, Coleman does not allege that the court or prosecution prevented her from presenting such evidence, but rather argues that her own counsel was ineffective in failing to present such evidence. The Supreme Court has held that such an argument

> sounds in substance, not procedure. Nor is Coleman's
> alleged defect similar in kind to those highlighted by the
> Supreme Court as examples of procedural failures, such as
> statute-of-limitations or exhaustion rulings. As such,
> we AFFIRM the decision of the district court, and treat
> Coleman's petition as a second or subsequent habeas
> application.

*Id.* at 371-72 (footnotes omitted). Since this motion was filed more

that 28 days after the original judgment was entered, it is controlled

by Rule 60(b), rather than Rule 59. *See Texas A&M Research Found.,*

338 F.3d at 400; *Demahy,* 702 F.3d at 182. Because Segundo has not

obtained prior authorization from the Court of Appeals, this Court

is without jurisdiction to consider this portion of the motion.

Therefore, this portion of the motion is **DISMISSED** for want of

jurisdiction. In the alternative, it is **DENIED** for lack of merit.

### 2. *Separate, Amended or Supplemental Motions*

Because Segundo's motion for consideration of newly discovered

evidence was filed after the time allowed by Rule 59, it is governed

by Rule 60(b) unless considered an amendment to the timely filed

motion to alter or amend judgment. In making this determination,

the Court considers the length of the delay, the reasons given for

the delay, and whether the allegations of the motion would warrant

relief.

While the length of the delay was not great, the reason provided

is inadequate, and the evidence insufficient to make any difference

to the outcome of these proceedings.

10

The motion asserts that the "newly discovered" information had been in Segundo's counsel's own files from very early in their representation of him.  The motion does not say who read the original paper record, but states that the version of the record that was scanned and maintained by the Texas Defender Service (TDS) had problems.

Apparently, people at TDS created multiple versions of the records, some of which were complete and some incomplete.  Paul Mansur, the TDS attorney that had been the co-counsel on this case, did not have access to the complete version of that record and did not know that the version of the record he reviewed was incomplete. Burke Butler, the newly appointed co-counsel and TDS attorney that had previously been working with Mansur on the case, however, appears to have always had access to the complete and incomplete versions of the electronic record while she worked at TDS.

In his motion to substitute Butler as co-counsel, Mansur represented to the Court that she had been working on the precise issue that involved those records: the intellectual-disability claim and efforts to get this Court to reconsider its prior denial of funding to investigate the claim further.  (Mot. to Subst. Counsel, doc. 51, at 3.)  That motion involved the same claim asserted in the motion to consider newly discovered evidence.  (Mot. to Reconsider Denial of Funding, doc. 45.)  Because Butler had been working on the same issues involving the same evidence that would have directed her

11

to the same electronic records in multiple versions that she had access to review, any failure to notice a disparity in the information available to all counsel would appear to have been hers.  The fact that she had not been officially appointed as co-counsel would not deprive her of the knowledge of the multiple databases or the responsibility to disclose them to Segundo's other counsel long before a judgment was entered in this case.[1]  Therefore, the reason for the delay--waiting until she was officially appointed to reveal this problem to Segundo's other counsel--would not excuse Butler's conduct in not revealing it earlier.[2]

As stated above, even if the newly discovered evidence is considered, it would not change the outcome of these proceedings. Therefore, it would not warrant a new trial or even warrant considering it as an amendment to the earlier motion filed within the time set out in Rule 59.  Therefore, the requests to consider the motions filed outside of the time set out in Rule 59 as amendments to the motion filed within that time is **DENIED**, and the motion to consider newly discovered evidence (doc. 56) and supplemental motion (doc. 62) are both **DENIED** under the standards set out in Rule 60(b).

---

[1]Newly appointed co-counsel alleges a potential conflict of interest by Segundo's other counsel in complaining of their failure to discover this information earlier.  The record before this Court, however, reveals that she is the attorney with the largest potential conflict of interest, being the one most clearly able to discover the problem created by TDS with multiple databases.

[2]It is also not clear whether lead counsel Alexander Calhoun reviewed the complete paper record that was later scanned by TDS, and made a reasonable decision to not include such the "new evidence" in the petition filed before this Court, particularly since it is insufficient to warrant relief.

### III. CONCLUSION

The Court grants the motion to amend incorrect language in the memorandum opinion and order, but denies that portion of the motion requesting additional findings, and denies the additional and supplemental motions.  This correction does not change the outcome in any way.  The judgment previously entered in this case to deny relief is otherwise correct.

The motion to amend or correct (doc. 55) is **GRANTED** in part and **DENIED** in part.  The language on page 8 of the memorandum opinion and order denying relief (doc. 48) stating that "Dr. Hopewell administered the Wechsler Adult Intelligence Scale, Version III ('WAIS III'), and the 'RBANS' test, and testified that Segundo's intelligence quotient ('IQ') result was in the borderline range for intellectual disability but, significantly, that Segundo was not considered intellectually disabled," is **AMENDED.**  It will now read as follows: "Dr. Hopewell reviewed the Wechsler Adult Intelligence Scale, Version III ('WAIS III'), and the 'RBANS' test administered by Dr. Goodness.  Dr. Hopewell testified that Segundo's intelligence quotient ('IQ') result was in the borderline range for intellectual disability but, significantly, that Segundo was not considered intellectually disabled."  The remainder of Segundo's motion is **DENIED.**

The motion for leave to consider newly discovered evidence under Federal Rules of Civil Procedure 59 and 60(b)(1) (doc. 56) is **DENIED**.  The supplemental post-judgment motion for leave to consider newly

13

discovered evidence under Federal Rules of Civil Procedure 59 and 60(b)(1) (doc. 62) is **DENIED**.

Because the resolution of these motions does not change the outcome of these proceedings, this Court's judgment denying relief remains intact.

SIGNED December 7, 2015.

_Terry R. Means_
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

TRM/rs

14