IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

JUAN RAMON MEZA SEGUNDO,          §
       *Petitioner,*               §
                                 §
V.                                §
                                 §          No. 4:10-CV-970-Y
                                 §
LORIE DAVIS, Director,            §
Texas Department of Criminal      §          (Death Penalty Case)
Justice, Correctional             §
Institutions Division,            §
       *Respondent.*               §

**MEMORANDUM OPINION AND ORDER**
**TRANSFERRING SUCCESSIVE HABEAS PETITION**

Counsel for death-row inmate Juan Ramon Meza Segundo again present motions involving complex procedural issues that make no practical difference. Regardless of how the procedural issues are resolved, Segundo has not shown an entitlement to any relief. But because this Court lacks jurisdiction over these motions, they are transferred in light of Segundo's pending execution date.

Petitioner Segundo, a Texas death-row inmate set for execution on October 10, 2018, has filed a document purporting to be a motion to alter or amend judgment under Rule 60(b) of the Federal Rules of Civil Procedure (Motion, doc. 86). Respondent Lorie Davis has filed her response in opposition (doc. 89), and Segundo has made his reply (doc. 91). On July 27, Segundo filed his related request to stay his execution (Stay Application, doc. 94). On August 17 Respondent filed her response (doc. 96.) and on August 28, Segundo made his reply (doc. 97).

Because Segundo's motion for relief under Rule 60(b) seeks to relitigate claims with new evidence, it is a successive petition that this Court lacks jurisdiction to consider and it must be transferred to the United States Court of Appeals for the Fifth Circuit along with Segundo's application to stay his execution.

## I. BACKGROUND

Segundo was convicted and sentenced to death for committing a capital murder in the course of sexual assault. (Mem. Op. and Order Denying Relief, doc. 48, at 1.) In denying a certificate of appealability for this Court's prior judgment, the United States Court of Appeals for the Fifth Circuit set out the relevant history.

In 1986, Segundo broke into eleven-year-old Vanessa Villa's bedroom, raped, and strangled her. He was not a suspect, however, until 2005 when a routine search of the Texas CODIS1 database matched his DNA with semen samples found at the crime scene. Following a jury trial, Segundo was convicted in Texas state court. On behalf of the defense, a clinical neuropsychologist, Dr. Alan Hopewell, evaluated Segundo and, at the punishment stage of trial, testified that his "extensive history of inhalant abuse" and his failure to have a "stimulating background upbringing" may have caused significant brain dysfunction. Dr. Hopewell opined, however, that Segundo's IQ tested at a 75 and that he was not intellectually disabled. *See Ex parte Hearn,* 310 S.W.3d 424, 430 (Tex. Crim. App. 2010) (explaining that "about 70" represents a "rough ceiling" for IQ levels, "above which a finding of mental retardation in the capital context is precluded"). Segundo was sentenced to death. His conviction and sentence were affirmed on direct review. *Segundo v. State,* 270 S.W.3d 79 (Tex. Crim. App. 2008).

In his state habeas proceedings, Segundo raised thirteen claims for relief, including an *Atkins* claim. *See Atkins v. Virginia,* 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002) (prohibiting as "cruel and unusual

punishment" the execution of intellectually disabled criminals).  The state habeas court conducted an evidentiary hearing on his *Atkins* claim, and found that Segundo failed to satisfy either the intellectual functioning prong or the early onset prong required for intellectual disability under Texas law.  The state habeas court noted that all the "experts agreed that [Segundo] did not manifest significant sub-average general intellectual functioning." The Texas Court of Criminal Appeals adopted the state habeas court's findings and denied Segundo's habeas petition.  *Ex parte Segundo,* No. WR-70963-01, 2010 WL 4978402 (Tex. Crim. App. Dec. 8, 2010).

*Segundo v. Davis,* 831 F.3d 345, 348 (5th Cir. 2016) (footnotes omitted), *cert. denied,* 137 S. Ct. 1068 (2017).

Segundo's petition for writ of habeas corpus in this court (Petition, doc. 11) asserted seven grounds for federal habeas-corpus relief as follows:

1.  He is intellectually disabled and exempt from execution under *Atkins v. Virginia;*

2.  His trial counsel were ineffective in failing to investigate evidence that he was intellectually disabled;

3.  The Texas death-penalty statute fails to require the prosecution to prove the lack of mitigating circumstances on the mitigation special issue;

4.  The trial court deprived him of a fair trial and the right to present a complete defense when it denied Segundo's request to present "alternative perpetrator" evidence;

5.  He was denied the right to an indictment charging the "special issue elements" of the death penalty;

6.  He was denied due process by the lack of an instruction that the jurors need not agree on what was mitigating before finding a life sentence appropriate on the mitigation special issue; and

7.  He was denied due process by the trial court's erroneous admission of an extraneous offense under the state rules of evidence.

(Mem. Op. and Order Denying Relief at 2-3.) Most relevant to the current motion, this Court denied his first claim for lack of merit, dismissed his second claim as procedurally barred and, in the alternative, denied it for lack of merit. (Mem. Op and Order Denying Relief at 6-21, 47.) Following the final conclusion of the original federal habeas proceedings, the state court set Segundo's execution for October 10, 2018. *See State v. Segundo,* No. 0974988D (Crim. Dist. Ct. No. 3, Tarrant County, Texas May 15, 2018).

## II. MOTIONS

On May 18, 2018, Segundo filed the instant motion for relief from judgment, arguing that this Court's denial of funding under "18 U.S.C. § 3599 caused a defect in the integrity of his federal habeas corpus proceedings." (Mot. at 1.) Specifically, Segundo complains that he "may very well be intellectually disabled," but argues that "no court has reliably assessed" whether he is. (Mot. at 1, 59.) He argues that intervening Supreme Court opinions, including *Ayestas v. Davis,* 138 S. Ct. 1080, 1095 (2018)(abrogating prior Fifth Circuit standard for funding), authorize relief.

Segundo now requests that these proceedings be reopened "as of the time he filed his second request for funding" so that he can obtain funding for an expert evaluation of whether he is intellectually disabled, which he argues might support his denied claim that

4

his counsel was ineffective in failing to obtain and present such an expert evaluation at trial. (Mot. at 59-60.) Segundo also requests "that this Court grant him a stay of execution pending the Court's consideration and disposition of his Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b)." (Stay Appl'n at 1.)

Respondent argues that Segundo's Rule 60(b)(6) motion is actually an impermissible successive habeas petition that this Court does not have jurisdiction to consider, but that even if this Court did have jurisdiction, Segundo has not presented extraordinary circumstances to warrant relief under Rule 60(b)(6). (Response, doc. 89, at 4-6, 18-31.) Respondent also argues that it would be futile to reopen these proceedings since the funding decision would be the same under *Ayestas.* (Response at 6-8, 31-43.) Respondent also asserts that this Court lacks jurisdiction to grant a stay, but that even if it had jurisdiction, the equitable factors do not favor granting a stay of execution. (Doc. 96 at 1-4.)

### III.   ANALYSIS

Segundo seeks relief under Rule 60(b)(6) of the Federal Rules of Civil Procedure, which is "a catchall provision" that allows a court to grant relief from a final judgment for any reason that justifies relief. *In re Edwards,* 865 F.3d 197, 203 (5th Cir. 2017), *cert. denied sub nom. Edwards v. Davis,* 137 S. Ct. 909 (2017). "Because of the comparative leniency of Rule 60(b), petitioners

sometimes attempt to file what are in fact second or successive habeas petitions under the guise of Rule 60(b) motions." *Id.* This Court must first address the jurisdictional issue.

## A. <u>Jurisdiction</u>

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) limits the circumstances under which a state prisoner may file a successive application for federal habeas relief. *See* Pub. L. 104-132, 110 Stat. 1214 (1996). A petition is successive when it raises a claim that was or could have been raised in an earlier petition. *See Hardemon v. Quarterman,* 516 F.3d 272, 275 (5th Cir. 2008). A claim presented in a second or successive application under Section 2254 must be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)
> > (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> >
> > (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to estab-lish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). That determination must be made by a three-judge panel of the Court of Appeals before Segundo may file his application in federal district court. *See id.* § 2244(b)(3).

As Segundo acknowledges, a previous habeas challenge to his conviction has been denied by this Court. (Mot. at 5-7); *Segundo v. Thaler,* No. 4:10-cv-970-Y (N.D. Tex. June 17, 2015), *COA denied,* 831 F.3d 345 (5th Cir. 2016), *cert. denied,* 137 S. Ct. 1068 (2017). The jurisdictional question is whether Segundo's motion seeks to advance one or more claims that were, or could have been, made in the earlier petition. *See Gonzalez,* 545 U.S. at 532; *In re Edwards,* 865 F.3d at 203. This distinguishes a motion made under Rule 60(b) from a successive petition under 28 U.S.C. § 2244(b).

### 1. *STANDARD*

In *Gonzalez*, the Supreme Court provided guidance on whether a motion filed under Rule 60(b) should be construed as a successive petition under § 2244.

> In some instances, a Rule 60(b) motion will contain one or more "claims." For example, it might straightfor-wardly assert that owing to "excusable neglect," Fed. Rule Civ. Proc. 60(b)(1), the movant's habeas petition had omitted a claim of constitutional error, and seek leave to present that claim. *Cf. Harris v. United States,* 367 F.3d 74, 80-81 (C.A.2 2004) (petitioner's Rule 60(b) motion sought relief from judgment because habeas counsel had failed to raise a Sixth Amendment claim). Similarly, a motion might seek leave to present "newly discovered evidence," Fed. Rule Civ. Proc. 60(b)(2), in support of a claim previously denied. *E.g., Rodwell v. Pepe,* 324 F.3d 66, 69 (C.A.1 2003). Or a motion might contend that a subsequent change in substantive law is a "reason justifying relief," Fed. Rule Civ. Proc. 60(b)(6), from the previous denial of a claim. *E.g., Dunlap v. Litscher,* 301 F.3d 873, 876 (C.A.7 2002). Virtually every Court of Appeals to consider the question has held that such a pleading, although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be

treated accordingly. *E.g., Rodwell, supra,* at 71-72; *Dunlap, supra,* at 876.

> We think those holdings are correct. A habeas petitioner's filing that seeks vindication of such a claim is, if not in substance a "habeas corpus application," at least similar enough that failing to subject it to the same requirements would be "inconsistent with" the statute. 28 U.S.C. § 2254 Rule 11.

545 U.S. at 530-31.

### 2. ANALYSIS

Segundo argues that intervening Supreme Court opinions and new evidence show a defect in the integrity of these proceedings in the decision to deny funding on his claim that trial counsel provided ineffective assistance in failing to properly investigate his claim of intellectual disability under *Atkins v. Virginia,* 536 U.S. 304 (2002). Specifically, Segundo argues that this Court applied the Fifth Circuit's "substantial need" test to deny funding and that because this test has been abrogated by the Supreme Court, the funding decision improperly prevented him from developing his claim. (Mot. at 1, 6-7.) He requests that the case be reopened to present new evidence to obtain funding for an expert evaluation of whether he is intellectually disabled. He reasons that such a finding of disability might show that his counsel was ineffective in failing to obtain and present such an expert opinion at trial. (Mot. at 18-19, 59-60.)

Segundo's motion complains about the effectiveness of all of his prior counsel, including his prior federal habeas counsel for

failing to notice and present evidence found in counsel's own files. (Mot. at 2, 21-22, 40-48.) "An argument that the petitioner's own counsel was ineffective in failing to present that evidence, we held, 'sounds in substance, not procedure.'" [*In re Coleman,* 768 F.3d at 371-72]). And if funding is granted, the new evidence thus obtained would, at best, seek to show that his ineffective assistance claim had merit. *See id.* at 372 n.17 ("A motion that asks the district court for an opportunity to offer facts that (in the petitioner's view) will prove that his conviction was constitutionally infirm raises a paradigmatic habeas claim." *Runnels v. Davis,* No. 17-70031, 2018 WL 3913662, at *6 (5th Cir. Aug. 14, 2018) (citation, internal quotation marks, and alterations omitted).

This presents a complaint similar to the one that Segundo made in his motion under Rules 59 and 60(b)(1) filed after this Court issued its judgment denying relief. In that motion, Segundo argued that "newly discovered evidence" showed the funding decision to be in error when it denied funding, in part, because Segundo had not shown that any of the experts had requested the sought information. Segundo alleged that evidence showing trial experts had requested the sought information from trial counsel had long been in the federal habeas attorneys' files but was overlooked by at least one of his federal habeas counsel. Therefore, he argued, the case should be reopened and funding granted. (New. Evid. Mot., doc. 56, at 2-3.) In denying the motion, this Court applied *In re Coleman,* 768 F.3d

367 (5th Cir. 2014), and held that even though the motion was filed under Rule 60(b), the *Gonzalez* standard required that the motion be construed as a successive habeas petition barred by § 2244(b)(2). (Order, doc. 70, at 9-10).

This Court observed that the petitioner in *In re Coleman* also argued that the original judgment denying habeas relief suffered from a defect in the integrity of the original habeas proceedings. Coleman complained that his original federal habeas counsel was ineffective in failing to discover and present additional evidence that would have supported his claim, but that allegation made the motion a substantive attack on the prior judgment rather than merely a procedural defect.

> Coleman argues that there was a defect in the integrity of her original habeas petition, namely that "the additional evidence from the four witnesses recently discovered and relevant to the 'kidnapping' issue was unavailable to this Court when it decided the claim previously, and the attached affidavits and the evidence contained therein are now available." Her counsel's failure to discover and present this evidence, she argues, indicated that they were constitutionally ineffective. This claim, however, is fundamentally substantive–she argues that the presence of new facts would have changed this court's original result. Moreover, Coleman does not allege that the court or prosecution prevented her from presenting such evidence, but rather argues that her own counsel was ineffective in failing to present such evidence. The Supreme Court has held that such an argument sounds in substance, not procedure. Nor is Coleman's alleged defect similar in kind to those highlighted by the Supreme Court as examples of procedural failures, such as statute-of-limitations or exhaustion rulings. As such, we AFFIRM the decision of the district court, and treat Coleman's petition as a second or subsequent habeas application.

(Order, doc. 70, at 9-10 (quoting 768 F.3d at 371-72) (footnotes omitted)).

In an apparent attempt to avoid this, Segundo argues that his prior counsel were encumbered by a conflict of interest that resulted in a defect in the integrity of the proceedings. (Mot. at 30-48.) Segundo relies on *Clark v. Davis,* 850 F.3d 770, 779-80 (5th Cir.), *cert. denied,* 138 S. Ct. 358 (2017). In that case, the asserted conflict was "intertwined" with Clark's arguments regarding the exception to procedural bar created in *Martinez.* *Id.* at 780. Because Clark's original federal habeas counsel had also represented him in the state habeas proceedings, he was unable to complain of his own ineffectiveness in order to bring a claim within the *Martinez* exception. Segundo presents no such conflict.

Segundo does not claim that his original federally appointed counsel Alexander Calhoun, or appointed co-counsel Paul Mansur, also represented him in state court. Segundo acknowledges, and the record plainly shows, that he was represented by a different attorney, Jack Strickland, in the state habeas proceedings. (Mot. at 37.) Segundo does not assert that Calhoun or Mansur had any connection with Strickland, had any involvement in Segundo's representation in the prior state-court proceedings, or were in any way ethically prohibited from complaining of the ineffective assistance of any of Segundo's prior attorneys. Therefore, Segundo has not shown anything like the conflict of interest presented in *Clark*.

Segundo's motion also asserts new facts and new theories to show that his prior counsel were ineffective. His motion presents a list of nine items showing that he was deprived of adequate representation, including three new complaints against trial counsel, two new complaints against state habeas counsel, and at least one new complaint against his prior federal habeas counsel. (Mot. at 2.) Importantly, for the first time in these federal habeas proceedings, Segundo has also accused his trial team of racial misconduct.

In his first enumerated item, Segundo complains that his "trial team used racially-charged and derogatory terms to refer to their client, including calling Mr. Segundo 'speedy Gonzalez,' a 'tard,' and a 'DUMB BASTARD'." (Mot. at 2.) This allegation injects a racial component that was not present in his petition before this Court, unlike *Buck* in which the racial complaint had been repeatedly presented and dismissed by the state and federal courts.[1] Therefore, Segundo has effectively presented new claims that have not been previously presented to any court.

Segundo seeks to reopen his case to present new evidence to advance his claim that trial counsel provided constitutionally ineffective assistance. Segundo argues that the relief he seeks is required because of the ineffectiveness of Segundo's prior federal

---

[1] Although Buck's original state habeas counsel failed to raise the issue, the Texas attorney general listed Buck in 2000 as one of the inmates entitled to a new trial because of expert testimony that was racially inappropriate. The failure of the state to comply with this announcement resulted in a petition for habeas relief filed in state court in 2002, and a petition in federal court in 2004. *See Buck,* 137 S. Ct. at 769-70.

habeas counsel in attempting to obtain funding to present this new expert evidence in support of this claim. Not only is this an argument that itself "sounds in substance, not procedure," *Coleman,* 768 F.3d at 372, but the motion seeks to obtain and present new evidence and arguments in support of a claim that this Court previously determined had no merit. The motion also seeks to present new evidence and new theories of ineffective assistance of counsel that constitute new claims. Although Segundo's motion is couched in terms of Rule 60(b), it is actually a successive habeas petition that the court of appeals has not authorized as required by 28 U.S.C. § 2244(b)(3). Therefore, this Court lacks jurisdiction to grant the relief requested.

### 3. TRANSFER

Because this Court is without jurisdiction to grant relief, it may either dismiss the motion for lack of jurisdiction, or it may transfer it to the court of appeals. *See In re Hartzog,* 444 F. App'x 63, 654 (5th Cir. 2011) (citing *United States v. Key,* 205 F.3d 773, 774 (5th Cir. 2000)). "Normally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is time consuming and justice-defeating." *Miller v. Hambrick,* 905 F.2d 259, 262 (9th Cir. 1990). These concerns are heightened when considering whether to stay an execution. *See, e.g., Ford v. Wainwright,* 477 U.S. 399, 411 (1986) (discussing special concerns arising in capital proceedings leading up to an execution);

*Hearn v. Thaler,* No. 3:12-CV-2140-D, 2012 WL 2715653 (N.D. Tex., July 9, 2012) (Fitzwater, C.J.). The Court finds that it is in the interest of justice to transfer the motion to the court of appeals rather than dismiss.

### *4. APPLICATION TO STAY EXECUTION*

In connection with his motion to obtain Rule 60(b) relief, Segundo has filed an application to stay his execution (Stay Appl'n, doc. 94.) This Court's jurisdiction to grant these motions relies upon jurisdiction to consider the motion to obtain Rule 60(b) relief. Because this Court lacks jurisdiction over the motion for Rule 60(b) relief, it lacks jurisdiction to rule on these motions as well. *See Hawkins v. Stephens,* No. 2:14-CV-314, 2015 WL 3882422, at *1 (S.D. Tex. June 17, 2015) (Ramos, J.), *appeal dismissed* (5th Cir. Feb. 29, 2016) (citing *United States v. Key,* 205 F.3d 773, 775 (5th Cir. 2000); *In re Sepulvado,* 707 F.3d at 552. It is in the interest of justice to transfer these motion to the Court of Appeals as well.

## B. **Alternative Merits Analysis**

In the alternative, the Court finds that if Segundo's motion were properly made to seek relief within this Court's jurisdiction under Rule 60(b)(6) of the Federal Rules of Civil Procedure it would not be granted. To succeed on a Rule 60(b)(6) motion, the movant must show: (1) that the motion be made within a reasonable time; and (2) extraordinary circumstances exist that justify the reopening of

a final judgment. *Id.* (citing *Gonzalez v. Crosby,* 545 U.S. 524, 535 (2005)).

### 1. *TIMELINESS*

Although not conspicuously stated, Respondent asserts that Segundo's motion is untimely. (Resp., doc. 89, at 27-30.) Segundo's June 18, 2018 motion relies upon facts that predated his original federal habeas proceeding, and Supreme Court opinions that both pre-date and post-date the judgment denying relief, including *Ayestas v. Davis,* 138 S. Ct. 1080 (Mar. 21, 2018), *Moore v. Texas,* 137 S. Ct. 1039 (Mar. 28, 2017), *Buck v. Davis,* 137 S. Ct. 759 (Feb. 22, 2017), and *Hall v. Florida,* 572 U.S. 701 (2014).

To the extent that Segundo relies upon the timing of *Ayestas,* his motion was filed less than three months after that opinion and may be considered timely. To the extent that he relies upon the older opinions, his motion was not filed within a reasonable time. In light of the nature of these proceedings in review of the death penalty, however, this Court construes Segundo's motion as timely filed.

### 2. *EXCEPTIONAL CIRCUMSTANCES*

Segundo complains that this Court denied funding by applying the prior Fifth Circuit precedent that has been abrogated by the Supreme Court in *Ayestas.* But a "change in decisional law after entry of judgment does not constitute exceptional circumstances and is not alone grounds for relief from a final judgment" under Rule 60(b)(6). *Adams v. Thaler,* 679 F.3d 312, 319 (5th Cir. 2012) (quoting *Bailey*

*v. Ryan Stevedoring Co.,* 894 F.2d 157, 160 (5th Cir.1990)).
Therefore, even if the outcome would have been different under the
*Ayestas* standard, that circumstance alone would not warrant relief.

In order to satisfy this requirement, Segundo's motion also
asserts new facts and new theories to show that his prior counsel
were ineffective, including significant new allegations of racial
misconduct.[2] Segundo relies on *Buck v. Davis,* 137 S. Ct. 759 (2017),
in support of his argument that these new allegations support relief
under Rule 60(b)(6). (Mot. at 3, 9, 11, 12, 20-21, 28, 29, 49.)
But as set out above, *supra* at 11-12, this racial complaint was not
presented to this or any other Court before the instant motion. This
contrasts sharply with the conduct of Buck, who had repeatedly
presented the complaint to state and federal courts. Therefore, these
are not circumstances that warrant equitable relief in a motion filed
after all prior state and federal review has concluded and an
execution has been set.

Segundo has also not shown that the funding decision would be
any different under *Ayestas.* In denying funding, this Court
previously determined that Segundo had not shown how the sought
funding would be capable of establishing ineffective assistance of
counsel under *Strickland* and come within the exception to procedural
bar under *Martinez* in light of the expert assistance obtained by trial

---

[2] New claims would generally be barred by the one-year statute of
limitations period under 28 U.S.C. § 2244(d). Although it would appear to be
futile to allow funding to develop any such new claims, no limitations defense
to new claims has yet been asserted in these proceedings.

and state habeas counsel. Specifically, this Court held that merely presenting a new expert opinion that disagreed with the opinion of an expert at trial was not enough to show trial counsel to be ineffective. "There is no indication that the experts felt incapable of basing their conclusions on the information they obtained through their own testing and examinations. . . . Finally, it is unclear that, even had these materials been provided to experts, their evaluations of [the prisoner] would have differed." (Order, doc. 47, at 5 (quoting *Card v. Dugger,* 911 F.2d 1494, 1512 (11th Cir. 1990).)

In denying a COA on the dismissal of this claim, the court of appeals held that "reasonable jurists would not debate that Segundo failed to state a claim that would allow for merits review under *Martinez.*" *Segundo v. Davis,* 831 F.3d 345, 351 (5th Cir. 2016), *cert. denied,* 137 S. Ct. 1068 (2017). Specifically, there was no debatability in the determination that Segundo had not stated a claim of any potential merit that would warrant an evidentiary hearing and merits review.

> The record makes clear that Segundo's trial counsel obtained the services of a mitigation specialist, fact investigator, and two mental-health experts. These experts and specialists conducted multiple interviews with Segundo and his family, performed psychological evaluations, and reviewed medical records. Segundo claims that trial counsel failed to provide necessary social history, which would have changed the experts' conclusions that he is not intellectually disabled. But none of the experts retained by trial counsel indicated that they were missing information needed to form an accurate conclusion that Segundo is not intellectually disabled. "Counsel should

be permitted to rely upon the objectively reasonable evaluations and opinions of expert witnesses without worrying that a reviewing court will substitute its own judgment, with the inevitable hindsight that a bad outcome creates, and rule that his performance was substandard for doing so." *Smith v. Cockrell,* 311 F.3d 661, 676-77 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke,* 542 U.S. 274, 124 S.Ct. 2562, 159 L.Ed.2d 384 (2004); *see Turner v. Epps,* 412 Fed. Appx. 696, 704 (5th Cir. 2011) ("While counsel cannot completely abdicate a responsibility to conduct a pre-trial investigation simply by hiring an expert, counsel should be able to rely on that expert to alert counsel to additional needed information....").

*Segundo,* 831 F.3d at 352.

Segundo has not shown how this Court's stated reason for denying funding, that the sought funding was not capable of showing ineffective assistance of counsel, would differ under the new standard. In *Ayestas*, the Supreme Court recognized that the district court must determine that "funding stands a credible chance of enabling a habeas petitioner to overcome the obstacle of procedural default" under *Martinez*. *Id.* at 1094. As the Supreme Court explained, "Congress changed the verb from 'shall' to 'may,' and thus made it perfectly clear that determining whether funding is 'reasonably necessary' is a decision as to which district courts enjoy broad discretion." *Id.* (citing *Kingdomware Technologies, Inc. v. United States,* 136 S. Ct. 1969, 1977 (2016)). This involves practical considerations regarding the likelihood that funding will enable an applicant to prove her or his claim.

> A natural consideration informing the exercise of that discretion is the likelihood that the contemplated services will help the applicant win relief. After all, the

proposed services must be "reasonably necessary" for the applicant's representation, and it would not be reasonable—in fact, it would be quite unreasonable—to think that services are necessary to the applicant's representation if, realistically speaking, they stand little hope of helping him win relief. Proper application of the "reasonably necessary" standard thus requires courts to consider the potential merit of the claims that the applicant wants to pursue, the likelihood that the services will generate useful and admissible evidence, and the prospect that the applicant will be able to clear any procedural hurdles standing in the way.

To be clear, a funding applicant must not be expected to prove that he will be able to win relief if given the services he seeks. But the "reasonably necessary" test requires an assessment of the likely utility of the services requested, and § 3599(f) cannot be read to guarantee that an applicant will have enough money to turn over every stone.

*Id.* This is not an entirely new inquiry.

These interpretive principles are consistent with the way in which § 3599's predecessors were read by the lower courts. *See, e.g., Alden, supra,* at 318-319 (explaining that it was "appropriate for the district court to satisfy itself that [the] defendant may have a plausible defense before granting the defendant's ... motion for psychiatric assistance to aid in that defense," and that it is not proper to use the funding statute to subsidize a " 'fishing expedition' "); *United States v. Hamlet,* 480 F.2d 556, 557 (C.A.5 1973) (per curiam ) (upholding district court's refusal to fund psychiatric services based on the district court's conclusion that "the request for psychiatric services was ... lacking in merit" because there was "no serious possibility that appellant was legally insane at any time pertinent to the crimes committed"). This abundance of precedent shows courts have plenty of experience making the determinations that § 3599(f) contemplates.

*Id.* at 1094-95. Just as before, Segundo's current motion still does

not set forth how the sought expert assistance could show that trial

counsel was ineffective.  Instead, it appears to be another attempt to take the Court on a fishing expedition.

In sum, Segundo has not presented a procedural "defect" as required to obtain Rule 60(b) relief under *Gonzales.* The procedural ruling--the decision to deny funding--would be the same under the Supreme Court's new opinion in *Ayestas.* Therefore, even if Segundo's motion did not constitute a successive habeas petition by seeking to develop new evidence to attack this Court's prior determination that his claim had no merit, it fails to show that reopening this case would be anything but futile.  His motion still fails to show that the sought funding is reasonably necessary for the development of a claim of ineffective assistance of trial counsel.  Accordingly, if this motion were within the jurisdiction of this Court under Rule 60(b)(6), it would be **DENIED.**

## IV.

Segundo's motion for relief under Rule 60(b) (doc. 86) is a successive application for habeas relief and is **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit along with the application to stay his execution (doc. 94).  *See Henderson v. Haro,* 282 F.3d 862, 864 (5th Cir. 2002).

The Clerk of Court is **DIRECTED** to open for statistical purposes a new civil action (nature of suit 535 – death penalty habeas corpus – assigned to the same district judge) and to close it on the basis

of this order.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the Court **DENIES** a certificate of appealability. Petitioner has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Petitioner has previously been allowed to proceed in forma pauperis and this status is continued for purposes of appeal. (Order, doc. 8; Mem. Op. and Order, doc. 48, at 48.)

The motion for relief from judgment (doc. 86) and accompanying application for stay of execution (doc. 94) are **TRANSFERRED.**

SIGNED September 26, 2018.

_Terry R. Means_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

TRM/rs