IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JUAN RAMON MEZA SEGUNDO, § | | |
|     *Petitioner,* § | | |
| § | | |
| V. § | | |
| § | No. 4:10-CV-970-Y | |
| LORIE DAVIS, Director, § | | |
| Texas Department of Criminal § | (Death Penalty Case) | |
| Justice, Correctional § | | |
| Institutions Division, § | | |
|     *Respondent.* § | | |

**MEMORANDUM OPINION AND ORDER**
**<u>DENYING MOTION TO VACATE, ALTER OR AMEND JUDGMENT</u>**

Petitioner Juan Ramon Meza Segundo, a Texas death-row inmate set for execution on October 10, 2018, has filed a motion to vacate, alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure (Motion, doc. 100). Respondent Lorie Davis has filed her response in opposition (Response, doc. 102), and Segundo has made his reply (Reply doc. 103). Because the prior order properly included alternative findings, the motion is denied.

**I.**

On September 28, 2018, Segundo filed the Rule 59(e) motion, arguing that this Court improperly included an alternate finding on the merits of his prior motion purportedly filed under Rule 60(b) of the Federal Rules of Civil Procedure to set aside the prior judgment denying habeas relief. Segundo argues that because this Court construed his motion as a successive petition that requires authorization from the court of appeals, the portion of the order that included an alternate finding on the merits of his motion was

improper and should be removed. (Mot. at 1-2.)

Respondent presents several examples where the United States Court of Appeals for the Fifth Circuit and district courts in that circuit have used and approved of the use of such alternate findings. (Resp. at 2 (citing *Preyor v. Davis,* 704 F. App'x 331, 339–44 (5th Cir. 2017), *In re Edwards,* 865 F.3d 197, 208–09 (5th Cir.), *cert. denied,* 137 S. Ct. 909 (2017), *In re Paredes,* 587 F. App'x 805, 811–12, 826 (5th Cir. 2014), and *In re Jasper,* 559 F. App'x 366, 371–72 (5th Cir. 2014)).) She also argues that the court of appeals has rejected this same argument in *Edwards.* (Resp. at 2-3.) Respondent further notes that the nature of the motion filed in this Court allows it to make such an alternate finding regarding whether such relief is warranted. (Resp. at 4.) Finally, Respondent distinguishes the cases relied upon by Segundo. (Resp. at 4-5.)

Segundo replies that the jurisdictional requirement is "inflexible and without exception" and that Respondent misconstrues the jurisdictional principles. (Reply at 1-2 (quoting *Steel Company v. Citizens for a Better Environment,* 523 U.S. 83, 94-95 (1998)).) Segundo argues that this also applies to alternate findings. (Mot. at 2-3 (citing *United States v. Texas Tech Univ.,* 171 F.3d 279, 286 (5th Cir. 1999)).)

## II.

In *Steel Co.,* the Supreme Court drew a distinction between constitutional jurisdiction and statutory jurisdiction of the federal

2

courts. *See id.,* 523 U.S. at 97 ("The latter question is an issue of statutory standing. It has nothing to do with whether there is case or controversy under Article III.") "Article III, § 2, of the Constitution extends the 'judicial Power' of the United States only to 'Cases' and 'Controversies.'" *Id.* at 102.

> The irreducible constitutional minimum of standing contains three requirements. First and foremost, there must be alleged (and ultimately proved) an injury in fact—a harm suffered by the plaintiff that is concrete and actual or imminent, not conjectural or hypothetical. Second, there must be causation—a fairly traceable connection between the plaintiff's injury and the complained-of conduct of the defendant. And third, there must be redressability—a likelihood that the requested relief will redress the alleged injury. This triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence.

*Id.,* 523 U.S. at 102-04 (quotation marks, footnotes and internal citations omitted).

No party contends, and this Court did not find, that there is no case or controversy under Article III. Instead, this Court construed the limitation of § 2244 to require that the motion in question be filed in a different federal court. This Court expressly concluded that the issue of whether the successive habeas petition may be authorized was within the jurisdiction of the court of appeals and transferred this case there rather than dismissing it under prevailing Fifth Circuit precedent, something that could not be done for any matter beyond the Article III jurisdiction of federal courts. This Court rejects Segundo's assertion that it had no constitutional

3

jurisdiction once it construed his motion as an impermissible successive petition and was without power even to transfer it to the court of appeals.

This Court agrees with the analysis of this issue by the Fifth Circuit in *In re Edwards,* No. 17-10066, Order (5th Cir. Jan. 26, 2017) (unpublished). As in *Edwards,* Segundo has "consistently maintained that his Rule 60(b) motion was not barred as a second or successive petition," and requests a stay of his execution on the basis of his entitlement to Rule 60(b) relief. Slip op. at 3. There is no material difference in the instant case.

The Court does not read Segundo's motion as conceding that this Court does not have jurisdiction to enter findings regarding whether relief is warranted under Rule 60(b)(6) of the Federal Rules of Civil Procedure. It seems inconsistent for him to argue that this Court has jurisdiction over his motion while also arguing that it does not have jurisdiction to include the alternate findings to dispose of his motion. Indeed, the alternate findings would only become operative if the court of appeals finds that this Court does have jurisdiction, in which case there would be no "hypothetical" jurisdictional question. To grant Segundo's latest motion would create unnecessary problems in the event he successfully overturns this Court's conclusion that his motion is an impermissible successive habeas petition. In that event, the court of appeals would have no alternate findings to consider in determining whether Rule 60(b)

4

relief is warranted in time to resolve the issue before the scheduled execution. This also appears to be the problem that the court of appeals in *Edwards* sought to avoid.

Segundo argues that the opinion in *Edwards* is contradicted by *Leal Garcia v. Quarterman,* 573 F.3d 214, 216 (5th Cir. 2009), in which the court of appeals rejected the use of hypothetical jurisdiction in a habeas proceeding. (Reply at 4-5.) That case is distinguishable. Unlike *Edwards,* the court in *Leal Garcia* was not construing a Rule 60(b) motion as a successive habeas petition and there was no request to stay an execution. Instead, the petitioner had filed his second application for federal habeas relief promptly after fully litigating a subsequent state habeas application on the issue. Further, the state conceded that the district court erred in making the alternate findings. *See id.* at 216 n.4. Neither party before this Court makes any such concession.

* * *

The motion to vacate, alter or amend judgment pursuant to Rule 59(e) (doc. 100) is **DENIED**.

SIGNED October 4, 2018.

*[signature: Terry R. Means]*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

TRM/rs

5